124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Blas MINER, Defendant-Appellant.
 No. 96-10331.
 United States Court of Appeals, Ninth Circuit.
 Sept. 17, 1997.
 
 Appeal from the United States District Court for the District of Guam, D.C. No. CR-96-0003; John S. Unpingco, District Judge, Presiding.
 Before: FLETCHER, BOOCHEVER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Anthony Blas Miner appeals his convictions and sentences for being a felon in possession of a firearm and ammunition under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm his conviction and sentence on the firearm count, but vacate his conviction and sentence on the ammunition count.
 
 
 3
 * Miner argues that the evidence was insufficient to support his convictions. "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the government and respecting the jury's ability to judge the credibility of witnesses, resolve factual conflicts, and draw inferences, a rational jury could have found the elements of the crime beyond a reasonable doubt." United States v. Sherwood, 98 F.3d 402, 408 (9th Cir.1996) (internal quotation omitted). The evidence showed: (1) Tina Palomo did not possess the gun or ammunition and did not see the jacket or coin purse in her car on the night of the incident; (2) Miner borrowed Tina's car without her permission; (3) the trunk of Tina's car could be opened either with the keys Miner borrowed or by a lever inside the car; (4) no one else was in the car with Miner when the gun and ammunition were found; (5) Miner owned a jacket similar to the one in which the ammunition was found; (6) the jacket was on the seat next to Miner when he was arrested; (7) the firearm and ammunition were both 9-millimeter caliber; (8) Miner told Franklin Sablan he would "start shooting" if he could not talk to Darlene.
 
 
 4
 Because we must give the government the benefit of all reasonable inferences, we conclude that the evidence established "a sufficient connection between [Miner] and the [firearm and ammunition] to support the inference that [Miner] exercised dominion and control over [them]." United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990) (citation and internal quotation omitted); see also United States v. Bernard, 48 F.3d 427, 430 (9th Cir.1995) ("The evidence introduced at trial created a string of circumstantial inferences leading to the rational conclusion that [the defendant] knew of the items' presence and that he exercised dominion and control over them prior to his arrest.").
 
 II
 
 5
 Miner also argues that he should not have been convicted on both counts or sentenced to separate prison terms for his firearm and ammunition convictions. We agree. "[T]he receipt of a firearm and the receipt of ammunition is but one offense." United States v. Gann, 732 F.2d 714, 718 (9th Cir.1984). So, too, the simultaneous possession of a firearm and of ammunition is but one offense. United States v. Keen, 96 F.3d 425 (9th Cir.1996), as amended 104 F.3d 1111 (9th Cir.1997).
 
 
 6
 In Keen, we examined the legislative history of § 922(g) and concluded that Congress did not intend "for the simultaneous possession of a firearm and ammunition to constitute separate units of prosecution under § 922(g)(1)." Id. at 1119. Miner simultaneously possessed the rifle and the ammunition, which were the same caliber and were found in the same car during the same inventory search. He was prosecuted under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) on each count. Dual convictions for possessing the firearm and ammunition arising out of a single occurrence cannot stand. Id. at 1120..
 
 
 7
 At oral argument, the government conceded that Miner may be convicted and sentenced on only one felon-in-possession count. It asked us to vacate the ammunition conviction, since the firearm sentence included a two-level enhancement reflecting the stipulation that the rifle was stolen. Because sufficient evidence supports each conviction, we vacate Miner's conviction and sentence on the ammunition charge.
 
 
 8
 AFFIRMED IN PART, VACATED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3